IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOON TAIK LIM : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-CV-4072 |
| KOREAN ASSOCIATION OF : | |
| SOUTHERN NEW JERSEY, et al. : | |
| : | |
| Defendants. : | |

# **O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch to Dismiss Complaint, and any response thereto, it is hereby ORDERED that the motion is GRANTED.  Plaintiff's Complaint is dismissed with respect to Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch.

BY THE COURT:

_____
Baylson, J.

843725v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOON TAIK LIM : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-CV-4072 |
| KOREAN ASSOCIATION OF : | |
| SOUTHERN NEW JERSEY, et al. : | |
| : | |
| Defendants. : | |

## MOTION OF DEFENDANTS THE KOREAN CENTRAL DAILY THE JOONGANG USA NEW YORK AND THE KOREAN CENTRAL DAILY JOONGANG PHILADELPHIA BRANCH  TO DISMISS COMPLAINT

Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch move to dismiss plaintiff's Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

The reasons supporting this Motion are set forth in the attached Memorandum of Law, which is incorporated herein by reference.

843725v1

2

WHEREFORE, Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch respectfully request that the Court dismiss the Complaint as to these defendants.

Respectfully submitted,

_____
Michael D. Epstein (I.D. No. 62264)
Beth A. Friel (I.D. No. 86548)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendants
The Korean Central Daily The Joongang
USA New York and The Korean Central
Daily Joongang Philadelphia Branch

Dated:   September 24, 2002

843725v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOON TAIK LIM : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KOREAN ASSOCIATION OF : <br> SOUTHERN NEW JERSEY, et al. : <br> : <br> Defendants. : | CIVIL ACTION <br><br> NO. 02-CV-4072 |

**MEMORANDUM OF LAW OF DEFENDANTS
THE KOREAN CENTRAL DAILY THE JOONGANG USA
NEW YORK AND THE KOREAN CENTRAL DAILY
JOONGANG PHILADELPHIA BRANCH
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch (collectively "The Korean Central Daily Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the claims asserted against them in plaintiff's Complaint.[1]

**I.   PRELIMINARY STATEMENT**

Plaintiff Moon Taik Lim brought this suit against thirteen different defendants claiming only that this group of separate and distinct entities and persons made allegedly defamatory - - yet unspecified - - statements about him over a four-month period. Conspicuously absent from plaintiff's Complaint are any allegations about: (1) what specific statements allegedly were made; (2) which particular defendant(s) made which particular statements; (3) where the

---

[1] A copy of the Complaint is attached hereto as Exhibit A.

843725v1

statements were made; (4) to whom the statements were published; and (5) when the statements were made. Without these most basic details -- *i.e.*, the who, what, where, and when -- the Korean Central Daily Defendants do not have notice of what is alleged against them. Even under the liberal pleading standards of the Federal Rules of Civil Procedure, plaintiff's claims are insufficiently pled and must be dismissed.

Moreover, even with what little detail plaintiff has provided, it is clear that he also cannot proceed on his claims of intentional and negligent infliction of emotional distress. In his Complaint, plaintiff fails to plead the essential elements of these claims - - *e.g.*, that he suffered a physical injury as a result of publication of the alleged defamatory statements - - and merely alleges that defamatory statements were published about him. Even if true, this allegation is insufficient to state a claim for intentional infliction of emotional distress as a matter of law.

Accordingly, the Court should dismiss all claims against the Korean Central Daily Defendants.

## II.     FACTS ALLEGED IN PLAINTIFF'S COMPLAINT[2]

Plaintiff avers in his Complaint that he is entitled to money and equitable damages "to redress the injury to his reputation," which allegedly resulted from defamatory statements made by the following entities and individuals: Korean Association of Southern New Jersey; Heon So, President Korean Association of Southern New Jersey; Young Mo Yang, Chairman Korean Association of Southern New Jersey; Haeng Hong Lee, Vice-President Korean Association of Southern New Jersey; Sang Ho Chung, Executive Director Korean Association of Southern New Jersey; Gui In Choi, Auditor Korean Association of Southern New Jersey; Sung Hwan Oh; Eun

---

[2] For purposed of this Motion only, the Korean Central Daily Defendants accept the well-pleaded factual allegations in plaintiff's Complaint as true.

Hee Park; Young J. Cho; Dong A Daily News; KABC; The Korean Central Daily The Joongang USA New York; and The Korean Central Daily Joongang Philadelphia Branch. (Compl. ¶ 1.)[3] He contends that sometime between January and April 2002, these thirteen defendants published certain unspecified defamatory per se statements accusing him of deceptive practices and fraud in his capacity as a Korean-American translator and agent for Jan-Pro Corporation. (Compl. ¶ 16.) Plaintiff further maintains that these defendants "negligently or intentionally" published these alleged defamatory statements "with actual malice and actual knowledge of their falsity or with reckless disregard of the truth." (Compl. ¶ 17.)

Based on these general conclusory allegations, plaintiff purports to state claims against defendants for defamation (Count I); punitive damages (Count II); intentional infliction of emotional distress (Count III); and negligent infliction of emotional distress (Count IV). As demonstrated below, however, plaintiff cannot establish the essential elements of these claims, and thus, all Counts set forth in plaintiff's Complaint should be dismissed.

### III.   STANDARD FOR DECIDING A MOTION TO DISMISS

A motion to dismiss for failure to state a claim "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In order to survive a motion to dismiss, the plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* (citation omitted). The court "need not credit a complaint's 'bald assertions' or 'legal conclusions'" in reaching its decision. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)

---

[3] On August 13, 2002, plaintiff voluntarily dismissed his claims against Young J. Cho, Gui In Choi, Sang Ho Chung, Korean Association of Southern New Jersey, Haeng Hong Lee, Sung Hwan Oh, Eun Hee Park, Heon So, and Young Mo Yang.

(citations omitted); *see also Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2001) (stating that the court "need not accept as true 'unsupported conclusions and unwarranted inferences'") (quotations omitted).

IV.   ARGUMENT

    A.   **This Court Should Dismiss Plaintiff's Defamation Claim Because It Is Not Sufficiently Pled.**

In Count I of his Complaint, plaintiff alleges a claim of defamation based on unspecified statements made by a host of defendants. This claim consists of nothing more than conclusory statements and thus cannot survive dismissal.

To state a claim for defamation under Pennsylvania law, a plaintiff must plead: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343(a); *see also Miketic v. Baron*, 675 A.2d 324, 327 (Pa. Super. Ct. 1996); *Smith v. Wagner*, 588 A.2d 1308, 1311 (Pa. Super. Ct. 1991).

A plaintiff must allege his defamation claim with sufficient facts to put the defendant on notice of the unlawful acts alleged against him. Consequently, courts have found that defamation claims failing to provide the substance, timing, or location of the alleged statement are insufficiently pled under Federal Rule of Civil Procedure 8(e), and have dismissed such claims as a matter of law. *See, e.g.*, *Zugarek v. Southern Tioga Sch. Dist.*, No. 4:01-CV-02090, 2002 U.S. Dist. LEXIS 15545, at *34-*36 (M.D. Pa. Aug. 22, 2002); *Digenova v. Baker*, Civ. No. 02-98, 2002 U.S. Dist. LEXIS 12137, at *7 (E.D. Pa. Apr. 11, 2002); *Joyce v. Alti Am., Inc.*,

4

Civ. No. 00-5420, 2001 U.S. Dist. LEXIS 17432, at *11 (E.D. Pa. Sept. 27, 2001); *In re Robert Maze*, C.A. No. 99-1825, 1999 U.S. Dist. LEXIS 11433, at *8 (E.D. Pa. July 16, 1999).[4]

In *Digenova*, for instance, the court dismissed plaintiff's defamation claim because the complaint "d[id] not identify a single defamatory statement or the alleged speaker of such a statement." *Digenova*, 2002 U.S. Dist. LEXIS 12137, at *7. The plaintiff's complaint in *Digenova* alleged only that "some person or entity defamed him or banquet servers generally" in relation to a dispute he was having with his union. *Digenova*, 2002 U.S. Dist. LEXIS 12137, at *3-*4. Confronted with a similarly vague allegation of defamation, the court in *Maze* likewise dismissed a plaintiff's claim for its "fail[ure] to state to whom the verbal statement was made[,] . . . when it was made, where it was made and its specific content." *Maze*, 1999 U.S. Dist. LEXIS 11433, at *8, *13. *See also Zugarek*, 2002 U.S. Dist. LEXIS 15545, at *34-*36 (dismissing plaintiff's defamation claim because the complaint "failed to identify specifically to whom [the defendant] made the allegedly statements").

Like the claims in *Digenova* and *Maze*, plaintiff's defamation claim in this case is insufficient as a matter of law, as it fails to set forth sufficient facts to put the Korean Central Daily Defendants on notice of the defamation alleged against them. Count II of plaintiff's Complaint avers only that "[b]etween January and April 2002, Defendants . . . did publish and re-publish defamatory per se statements," which "charged [him] with the criminal offense of fraud or theft by deception and conduct that is incompatible with his business, trade, or office [in

---

[4] Several courts within the Eastern District have applied Pennsylvania's heightened pleading requirements in defamation cases, rather than the more liberal federal standard. *See, e.g., Ersek v. Springfield*, 822 F. Supp. 218, 223 (E.D. Pa. 1993); *Rost v. Nat'l R.R. Passenger Corp.,* Civ. No. 88-6598, 1990 U.S. Dist. LEXIS 4691, at *4-*5 (E.D. Pa. Apr. 19, 1990). Under either standard, however, the bold, conclusory allegations in plaintiff's Complaint here are insufficient.

5

843725v1

that they] accus[ed] Plaintiff of abusing his professional position and office as a recruiter." (Compl. ¶¶ 21, 23.)

The Complaint fails to provide, however, which of the numerous defendants allegedly made these statements. Instead, it merely alleges that defendants *in general* made some defamatory statements about plaintiff in some unknown publication or publications over a period of four months. Plaintiff's Complaint makes clear that these defendants are separate and distinct entities, with separate business addresses (Compl. ¶¶ 3-15), and there is no allegation that these defendants conspired or otherwise worked together to publish the allegedly defamatory statements. Consequently, the Korean Central Daily Defendants have no way of knowing, based on the face of the Complaint, which allegations refer particularly to them, and which refer to the other named defendants.

Furthermore, plaintiff does not specify the statements to which he is referring, nor does he attach a copy of the alleged publication to the Complaint. *See Caplan v. Fairchild Publs. Corp.*, No. 84-6039, 1985 U.S. Dist. LEXIS 12825, at *1-*2 (E.D. Pa. Dec. 13, 1985) ("The in haec verba rule requires that a plaintiff set forth with particularly the allegedly defamatory statements so that the court can determine whether the words as used apply to the plaintiff and tend to degrade him in the eyes of the community. . . . Clearly, attaching a copy of the allegedly defamatory article to the complaint satisfies this requirement.") (citing *Thomas v. E.J. Korvette, Inc.*, 476 F.2d 471, 485 n.14 (3d Cir. 1973) (concurring opinion)).

Because plaintiff provides merely conclusory statements that defamation occurred, and offers no factual basis to support such a conclusion - - *i.e.*, the who, what, when, and where - - his claim fails.

Accordingly, the Court should dismiss Count I of plaintiff's Complaint.

6

### B. This Court Should Dismiss Plaintiff's Punitive Damages Claim Because It Cannot Be Pled as a Separate Cause of Action.

Plaintiff avers a claim of punitive damages in Count II of his Complaint. Under Pennsylvania law, however, there is no separate cause of action for punitive damages. *Murray v. Gencorp, Inc.*, 979 F. Supp. 1045, 1050 (E.D. Pa. 1997) (citing, *inter alia*, *Winterberg v. CAN Ins. Co.*, 868 F. Supp. 713, 725 (E.D. Pa. 1994); *Nix v. Temple Univ.*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991)); *see also Kirkbride v. Lisbon Contractors Inc.*, 555 A.2d 800, 802 (Pa. 1989). Thus, plaintiff cannot plead punitive damages as a separate Count in his Complaint, and the Court should dismiss Count II.[5]

### C. This Court Should Dismiss Plaintiff's Claim of Intentional Infliction of Emotional Distress Because There Is No Allegation of Extreme and Outrageous Conduct or Physical Injury.

Count III of plaintiff's Complaint purports to set forth a claim of intentional infliction of emotional distress. This claim cannot survive because it lacks any allegation of extreme and outrageous conduct or physical injury - - two essential elements under Pennsylvania law.

To recover under the tort of intentional infliction of emotional distress in Pennsylvania, a plaintiff must show that the defendant's conduct was: (1) extreme and outrageous; (2) intentional or reckless; and (3) the cause of severe emotional distress. *Wisniewski v. Johns Manville Corp.*, 812 F.2d 81, 85 (3d Cir. 1987); *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. Ct. 1997), *aff'd*, 720 A.2d 745 (Pa. 1998). The plaintiff also must allege that he suffered some physical injury as a result of the defendant's conduct. *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988,

---

[5] Additionally, plaintiff cannot seek punitive damages based on any of his other alleged claims because, as this Memorandum sets forth, the remaining Counts of his Complaint should also be dismissed. *See Kirkbride v. Lisbon Contractors Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("Since punitive damages are an element of damages arising out of the initial cause of action, if that cause of action is dismissed, the punitive damages which are incident to actual damages cannot stand."); *Hides v. Certainteed Corp.*, Civ. No. 94-7352, 1995 U.S. Dist. LEXIS 10849, at *14 (E.D. Pa. July 26, 1995) ("Punitive damages may be awarded to plaintiff for harm caused by the defendant if the plaintiff prevails on the merits under an appropriate theory of liability.").

995 (Pa. 1987); *Fewell v. Besner*, 664 A.2d 577, 582 (Pa. Super. Ct. 1995); *Rolla v. Westmoreland Health Sys.*, 651 A.2d 160, 163 (Pa. Super. Ct. 1994).[6]

With respect to the "extreme and outrageous" element, the conduct at issue must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Gordon v. Lancaster Osteopathic Hosp. Ass'n*, 489 A.2d 1364, 1371 (Pa. Super. Ct. 1985) (quoting restatement (Second) of Torts § 46, Comment (d) (1977)); *Fox v. Horn*, No. Civ. A. 98-5279, 2000 U.S. Dist. LEXIS 432, at *25 (E.D. Pa. Jan. 21, 2000). The Korean Central Daily Defendants have not discovered a single Pennsylvania case in which the mere publication of an article without more was deemed sufficiently extreme and outrageous in nature to state a cause of action for intentional infliction of emotional distress.

Indeed, in *Mallozi v. Philadelphia Daily Newspapers, Inc.*, 23 D & C.3d 761 (Ct. C.P., Phila. County 1981), the court observed that whether the publication of an allegedly defamatory communication constitutes extreme and outrageous conduct does not depend on the truth or falsity of the publication. Instead, liability exists only if the publication of the allegedly defamatory statement "goes beyond the limits of decency." *Mallozi*, 23 D & C.3d at 763; *see also Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1772-73 (Pa. Super. Ct. 1988) (finding that "the publication of a newspaper article which merely reports a shooting incident and possible motives thereof cannot support a cause of action for intentional infliction of emotional distress").

---

[6] Although the Third Circuit Court of Appeals has assumed that the tort of intentional infliction of emotional distress is viable in Pennsylvania, *Shaner v. Synthes (USA)*, 204 F.3d 494, 508 n.18 (3d Cir. 2000), the Pennsylvania Supreme Court has never formally recognized the tort. *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000). Even if the claim can proceed under Pennsylvania law, however, "[c]ourts have been chary to allow recovery" for an intentional infliction of emotional distress claim and will permit such recovery only if the conduct is "extreme or clearly outrageous." *Shaner*, 204 F.3d at 508 (quoting *Hoy*, 720 A.2d 753-54).

8

843725v1

Here, plaintiff fails to allege in his Complaint *any* facts that would suggest defendants' conduct was extreme and outrageous. Instead, he merely provides that defendants collectively - - without specifying which defendants - - published some unknown defamatory statements. This allegation, even if true, comes nowhere close to satisfying the "extreme and outrageous" requirement of an intentional infliction of emotional distress claim under Pennsylvania law. *See, e.g., Salerno*, 546 F.2d at 1172-73.

Moreover, notably missing from plaintiff's Complaint is any allegation of a physical injury. Without such an averment, his claim of intentional infliction of emotional distress must fail as a matter of law. *See, e.g., Fewell*, 664 A.2d at 582; *Dixon v. Boscov's, Inc.*, Civ. No. 02-1222, 2002 U.S. Dist. LEXIS 13815, at *12 (E.D. Pa. July 17, 2002) (applying Pennsylvania law); *Edwards v. Wyatt*, Civ. No. 01-1333, 2001 U.S. Dist. LEXIS 18249, at *15 (E.D. Pa. Nov. 5, 2001) (same).

Accordingly, the Court should dismiss Count III of plaintiff's Complaint.

### D. This Court Should Dismiss Plaintiff's Claim of Negligent Infliction of Emotional Distress Because It Does Not Satisfy the Claim Elements.

Count IV of the Complaint, which purports to allege a claim of negligent infliction of emotional distress, must be dismissed because plaintiff has failed to plead the essential elements of this claim.

In Pennsylvania, it is well-settled that a claim for negligent infliction of emotional distress may be maintained *only* "1) where a close family member experiences a contemporaneous sensory observance of physical injuries being inflicted on another family member; or 2) where the plaintiff nearly experiences a physical impact in that he was in the zone of danger of the defendant's tortious conduct." *Hunger v. Grand Cent. Sanitation*, 670 A.2d

9

173, 178 (Pa. Super. Ct. 1996) (citation omitted); *see also Fanelle v. Lojack Corp.*, 79 F. Supp.2d 558, 565 (E.D. Pa. 2000) (applying Pennsylvania law).

      Plaintiff's negligent infliction of emotional distress claim implicates neither of these theories. Instead, he alleges only that defendants collectively inflicted emotional distress upon him "by publishing defamatory per se statements negligently or intentionally or with reckless disregard for the truth" (Compl. at ¶ 35), and nothing more. This bare, conclusory allegation is simply insufficient as a matter of law to establish a negligent infliction of emotional distress claim.

      The claim fails for the additional reason that plaintiff does not allege that he suffered any physical injury - - an essential element of the claim. *See Fewell*, 664 A.2d at 582 (noting that "a plaintiff must demonstrate some type of physical injury in order to sustain a cause of action for negligent infliction of emotional distress"); *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 848 (3d Cir. 1995) ("Absent some physical injury or impact, Pennsylvania's governing law does not provide recovery for negligent infliction of emotional distress.") (citations omitted).

      Accordingly, plaintiff's claim for negligent infliction of emotional distress must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch respectfully request that this Court grant their Motion to Dismiss and dismiss all claims against them.

Respectfully submitted,

_____
Michael D. Epstein (I.D. No. 62264)
Beth A. Friel (I.D. No. 86548)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendants
The Korean Central Daily The Joongang
USA New York and The Korean Central
Daily Joongang Philadelphia Branch

Dated: September 24, 2002

## **CERTIFICATE OF SERVICE**

I, Michael D. Epstein, counsel for Defendants The Korean Daily Central The Joongang New York Branch and The Korean Daily Central Joongang Philadelphia Branch, in this action, hereby certify that I caused a copy of the Motion of Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch To Dismiss the Complaint, and the Memorandum of Law in Support Thereof, to be served by first class U.S. mail, postage prepaid, upon the persons, at the addresses and on the date that appears below:

> Glenn Randall, Esquire
> Randall & Homel, LLC
> 1511 Norristown Road
> Ambler, PA  19002
>
> Attorney for Plaintiff
>
> and
>
> Dong-A Daily News
> The Korean Daily Tribune, Inc.
> 7300 Old York Road, Suite 213
> Elkins Park, PA  19027
>
> and
>
> KABC
> Korean American Broadcasting Co.
> 1925 W. Cheltenham Avenue
> Elkins Park, PA  19027

Date:   September 24, 2002

                                                Michael D. Epstein

843725v1