EXHIBIT "A"

RANDALL & HOMEL, LLC
BY: Glenn Randall, Esquire
PA Atty ID No. 81675
1511 Norristown Road
Ambler, PA 19002
215-591-9843

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOON TAIK LIM<br>2408 Saxony Drive<br>Mount Laurel, NJ 08054<br><br>v.<br><br>KOREAN ASSOCIATION OF SOUTHERN NEW JERSEY<br>C/O Courtesy Travel<br>1720 Rt. 70 E. # 5<br>Cherry Hill, NJ 08003<br><br>HEON SO, President<br>KOREAN ASSOCIATION OF SOUTHERN NEW JERSEY<br>C/o Courtesy Travel<br>1720 Rt 70 E. #5<br>Cherry Hill, NJ 08003<br><br>YOUNG MO YANG, Chairman<br>KOREAN ASSOCIATION OF SOUTHERN NEW JERSEY<br>C/O Courtesy Travel<br>1720 Rt. 70 E. # 5<br>Cherry Hill, NJ 08003<br><br>HAENG BONG LEE, Vice-President<br>KOREAN ASSOCIATION OF SOUTHERN NEW JERSEY<br>607 S. Broadway Street<br>Camden, NJ 08103 | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br><br>JUN 2 6 2002<br><br><br>NO. 02cv4072<br><br><br>Term_____ |

SANG HO CHUNG, Executive Director    :
KOREAN ASSOCIATION OF SOUTHERN    :
NEW JERSEY    :
C/O Courtesy Travel    :
1720 Rt. 70 E. # 5    :
Cherry Hill, NJ 08003    :

GUI IN CHOI, Auditor    :
KOREAN ASSOCIATION OF SOUTHERN    :
NEW JERSEY C/O Courtesy Travel    :
1720 Rt. 70 E. # 5    :
Cherry Hill, NJ 08003    :

SUNG HWAN OH    :
6 C Monroe Path    :
Fox Meadow Apts    :
Maple Shade, NJ 08052    :

EUN HEE PARK    :
1009 Clark Hill Drive    :
Norristown, PA 19403    :

YOUNG J. CHO    :
52 B Gardenia Drive    :
Maple Shade, NJ 08052    :

DONG A DAILY NEWS    :
The Korean Daily Tribune, Inc.    :
7300 Old York Road, Suite 213    :
Elkins Park, PA 19027    :

KABC    :
Korean American Broadcasting Co.    :
1925 W. Cheltenham Ave.    :
Elkins Park, PA 19027    :

THE KOREAN CENTRAL DAILY    :
THE JOONGANG USA NEW YORK    :
43-27 36 ST    :
LIC, NY 11101    :

THE KOREAN CENTRAL DAILY    :
JOONGANG PHILADELPHIA BRANCH    :
1925 W. Cheltenham Ave.    :
Elkins Park, PA 19027    :

## COMPLAINT

1. This is an action for money and equitable damages to redress the injury caused to Plaintiff's reputation in the community as a result of Defendants' repeated defamatory statements made in the press and over radio airwaves in Pennsylvania and New Jersey.

## PARTIES

2. Plaintiff, Moon Taik Lim, is a private adult individual currently residing at 2408 Saxony Drive, Mount Laurel, Burlington County, New Jersey.

3. Defendant, The Korean Association of Southern New Jersey is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 1720 Rt 70 E. #5, Cherry Hill, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

4. Defendant, Heon So, is a private individual and president of The Korean Association of Southern New Jersey, which is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 1720 Rt 70 E. #5, Cherry Hill, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

5. Defendant, Young Mo Yang, is a adult individual and chairman of The Korean Association of Southern New Jersey, which is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 1720 Rt 70 E. #5, Cherry Hill, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

6. Defendant, Haeng Bong Lee, is a adult individual and vice-president of The Korean Association of Southern New Jersey, which is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 607 S. Broadway Street, Camden, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

7. Sang Ho Chung is an adult individual and executive director of The Korean Association of Southern New Jersey, which is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 1720 Rt. 70 E. #5, Cherry Hill, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

8. Gui In Choi is an adult individual and auditor of The Korean Association of Southern New Jersey, which is, upon information and belief, a corporation conducting business in the state of New Jersey with a place of business located at 1720 Rt. 70 E. #5, Cherry Hill, Camden County. Defendant The Korean Association of Southern New Jersey regularly conducts business in Camden County.

9. Defendant, Sung Hwan Oh, an adult individual currently residing at 6 C Monroe Path, Fox Meadow Apts., Maple Shade, New Jersey.

10. Defendant, Eun Hee Park, is an adult individual currently residing at 1009 Clark Hill Drive, Norristown, Pennsylvania.

11. Defendant, Young J. Cho, is an adult individual currently residing at 52 B Gardenia Drive, Maple Shade, New Jersey.

12. Defendant, Dong a Daily News, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 7300 Old York Road, Suite 213, Elkins Park.

13. Defendant, KABC, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 1925 W. Cheltenham Avenue, Elkins Park, Montgomery County.

14. Defendant, The Korean Central Daily, or The Joongang USA New York, upon information and belief, is a corporation conducting business in the state of New York, with a place of business located at 43-27 36 St., Long Island County, New York.

15. Defendant, The Korean Central Daily, or The Joongang USA Philadelphia Branch, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 1925 W. Cheltenham Avenue, Elkins Park, Montgomery County.

16. On several occasions, between January and April 2002, defendants made libelous and slanderous per se false statements of fact with regard to Plaintiff. Defendants published and re-published defamatory per se statements accusing Plaintiff, a Korean-American translator or Agent, for Jan-Pro Corporation, of deceptive practices, conversion of investment deposits, fraud, and conspiracy to defraud with regard to cleaning service franchise contracts entered into by the individual defendants and several Korean nationals with Jan-Pro Corporation.

17. These defamatory per se accusations were negligently or intentionally and willfully published and distributed with actual malice and actual knowledge of their falsity or with reckless disregard of the truth to the general public by way of news media and radio broadcast as well as by individual communication.

## JURISDICTION

18. This claim arises under 42 Pa. C.S.A. § 8343. Jurisdiction is invoked under the provisions of 28 U.S.C. Sections 1331 and 1332. The pendent claims under Pennsylvania law are asserted pursuant to the Court's supplemental jurisdiction, 28 U.S.C. 1367(a).

## VENUE

19. This Honorable Court possesses venue pursuant to 28 U.S.C. 1391(a)(2).

## COUNT I
### Defamation
### Statutory Claim For Penalties Under Statute 42 Pa. C.S.A. § 8343

20. The allegations contained in paragraphs 1 through 19 above are incorporated by reference herein as if fully set forth below.

21. Between January and April 2002, Defendants negligently or intentionally with actual malice or in reckless disregard for the truth did publish and re-publish defamatory per se statements of fact with regard to Plaintiff in violation of 42 Pa. C.S.A. § 8343. As a result, Plaintiff has suffered serious damage to his reputation as a reliable and professional business person in the community.

22. Defamation per se is comprised of four categories which impute to another person a (1) false statements imputing criminal behavior; (2) false allegations that the plaintiff has a loathsome disease; (3) false statements adversely reflecting on the plaintiff's fitness to conduct business; or (4) false allegations of serious sexual misconduct. Haltzman v. Brill, 29 Pa. D&C 4th 356 (1995).

23.  Defendants' accusations constitute prima facie defamation per se on two separate counts as they charge Plaintiff with the criminal offense of fraud or theft by deception and conduct that is incompatible with his business, trade, or office by accusing Plaintiff of abusing his professional position and office as a recruiter.

24.  As a result, Plaintiff, as a private individual, is entitled to presumed special and general damages as well as punitive damages. Plaintiff expressly demanded retraction of these defamatory per se statements from each Defendant on March 1, 2002 and was refused by each Defendant. Such refusal constitutes a basis for punitive damages.

25.  As a direct and proximate result of this defamation, Plaintiff has suffered injuries, including but not limited to, suffering, embarrassment, humiliation, aggravation, anxiety, loss of enjoyment of life and life's pleasures.

WHEREFORE, Plaintiff, Moon Taik Lim, demands judgment against the Defendants, for compensatory and punitive damages together with interest, attorney's fees and costs of suit.

## COUNT II
### Claim for Punitive Damages

26.  The allegations contained in paragraphs 1 through 25 above are incorporated by reference herein as if fully set forth below.

27.  Plaintiff expressly demanded retraction of these defamatory per se statements from each Defendant on March 1, 2002 and was refused by each Defendant. Such refusal constitutes a basis for punitive damages. Clark v. North American Co., 203 Pa. 346, 53 A. 237 (1902).

28. Such conduct is extreme and outrageous and warrants imposition of punitive damages.

WHEREFORE, Plaintiff, Moon Taik Lim, demands judgment against the Defendants, for compensatory and punitive damages together with interest, attorney's fees and costs of suit.

### COUNT III
### Intentional Infliction of Emotional Distress

29. The allegations contained in paragraphs 1 through 28 above are incorporated by reference herein as if fully set forth below.

30. Defendant's conduct constitutes Intentional Infliction of Emotional Distress. This claim consists of the following elements: (1) that defendant acted intentionally or recklessly, both in doing the act and in producing emotional distress; (2) that defendant's conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; (3) that defendant's actions were the proximate cause of emotional distress; and (4) that the emotional distress suffered was so severe that no reasonable person could be expected to endure it.

31. Defendant intentionally published and re-published the defamatory per se statements of fact without regard for the truth, Plaintiff's reputation, or for Plaintiff's demand for retraction and therefore either intentionally or recklessly caused the emotional distress suffered by Plaintiff.

32. As a direct and proximate result of the intentional infliction of emotional distress committed by Defendant, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff, Moon Taik Lim, demands judgment against the Defendants, for compensatory and punitive damages together with interest, attorney's fees and costs of suit.

## COUNT IV
### Negligent Infliction of Emotional Distress

33. The allegations contained in paragraphs 1 through 32 above are incorporated by reference herein as if fully set forth below.

34. Defendants' conduct constitutes Negligent Infliction of Emotional Distress. This claim consists of negligent conduct that is the proximate cause of emotional distress in a person to whom the actor owes a legal duty to exercise reasonable care.

35. Defendants owed Plaintiff the duty of reasonable care with regard to determining the truth or falsity of their statements. Defendants breached this duty on several independent occasions by publishing and re-publishing defamatory per se statements negligently or intentionally or with reckless disregard for the truth as a result of their failure to verify these statements.

36. As a direct and proximate result of the negligent infliction of emotional distress committed by Defendant, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff, Moon Taik Lim, demands judgment against the Defendants, for compensatory and punitive damages together with interest, attorney's fees and costs of suit.

Date: 8/26/12

Glenn Randall, Esquire
Attorney for Plaintiff