**RANDALL & HOMEL, LLC**
**By: Glenn Randall, Esquire**
1511 Norristown Road
Ambler, PA 19002
(215) 591-9843                                                          **Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

_____

**MOON TAIK LIM**                                :
                                                 :
                       **Plaintiff,**             :
                                                 :        **CIVIL ACTION**
                                                 :
v.                                               :        No.: 02-CV-4072
                                                 :
                                                 :
**KOREAN ASSOCIATION OF SOUTHERN**                :
**NEW JERSEY, et al.**                            :
                                                 :
                       **Defendants**             :
_____

### ORDER

AND NOW, this _____ day of _____, 20__, upon consideration of the Motion of Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch to Dismiss Complaint, and Plaintiff's response thereto, it is hereby ORDERED that the motion is DENIED.

                                                  BY THE COURT:


                                                  _____
                                                  Baylson, J.

**RANDALL & HOMEL, LLC**
**By: Glenn Randall, Esquire**
1511 Norristown Road
Ambler, PA 19002
(215) 591-9843                                                                 **Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

**MOON TAIK LIM**

                 **Plaintiff,**

                                                   **CIVIL ACTION**

v.                                                                                           **No.: 02-CV-4072**

**KOREAN ASSOCIATION OF SOUTHERN**
**NEW JERSEY, et al.**

                 **Defendants**
_____

**MEMORANDUM OF LAW OF PLAINTIFF MOON TAIK LIM IN RESPONSE TO DEFENDANTS', THE KOREAN CENTRAL DAILY THE JOONGANG USA NEW YORK AND THE KOREAN CENTRAL DAILY JOONGANG PHILADELPHIA BRANCH, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     RESPONSE TO DEFENDANTS' MOTION TO DISMISS DEFAMATION CLAIM**

Between January and April 2002, Defendants negligently or intentionally with actual malice or in reckless disregard for the truth did publish and re-publish defamatory per se statements of fact with regard to Plaintiff in violation of 42 Pa. C.S.A. 8343. As a result, Plaintiff has suffered serious damage to his reputation as a reliable and professional business person in the community.

Defamation per se is comprised of four categories which impute to another person a (1) criminal offense; (2) a loathsome disease; (3) conduct, characteristics, or condition that is

incompatible with his business, trade, or office; or (4) serious sexual misconduct. Haltzman v. Brill, 29 Pa D&C 4th 356 (1995).

On or about February 8, 2002, The Dong-a Daily News printed and published an article entitled "*Being Extreme of Cleaning Service Fraud*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT A**), impugning that a "Korean recruit agent and interpreter", referring to Plaintiff Moon Taik Lim, defrauded and betrayed an anonymous "Korean American" who "suffered a great loss of money" invested in a cleaning business at the persuasion of Mr. Lim.

On or about February 19, 2002, The Dong-a Daily News printed and published an article entitled "Take *Legal Action Against 'Cleaning Service Fraud'*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT B**), impugning both Jan-Pro Cleaning System and Plaintiff Moon Taik Lim of perpetrating "shameless fraud acts" against the Korean American community and specifically attacked Mr. Lim's morality and virtue as a Christian.

On or about February 21, 2002, The Joongang Ilbo printed and published an article entitled "*We Are the Victims of Cleaning Service Contract*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT C**), impugning that Plaintiff Moon Taik Lim "took advantage" of Korean American investors who were not fluent English speakers and "took their jobs away under pretense of 'poor at cleaning job' and even did not refund the deposit money" and persuading investors to sign contracts the content of which Lim is reported to have said is "not important".

On or about February 23, 2002, The Joongang IIbo printed and published an article entitled "*The Victims of Cleaning Service Filing a Lawsuit*" (see notarized copy of translation

into English from Korean, attached herein as **EXHIBIT D**), stating that the Korean American Association of Greater New Jersey was organizing in an effort to file a lawsuit for fraud against both Jan-Pro and Moon Taik Lim.

On or about February 23, 2002, The Dong-a Daily News printed and published an article entitled "*Taking Legal Action Against Each Other; The Korean Victims and Jan-Pro of 'Cleaning Service Fraud' Case*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT E**), impugning that Plaintiff Moon Taik Lim was involved in a discrimination scheme to intentionally and specifically defraud Korean Americans.

On or about February 23, 2002, The Joongang IIbo printed and published an article entitled "*Immorality of a Religious Person*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT F**), which attacked Plaintiff Moon Taik Lim's morality and virtue as a Christian by stating that "not everyone who goes to church loves other and sacrifices himself for others as Jesus did" referring to Mr. Lim.

On or about February 27, 2002, The Dong-a Daily News printed and published an article entitled "*The Korean American Association of Greater New Jersey Requests 'Collective Action' Against 'Cleaning Service Fraud' To Block The Cleaning Service Company Trying To Contact Individually With The Victims*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT G**) which discussed attempts by "Korean victims" to negotiate settlements with Jan-Pro referring to the actions of Plaintiff.

On or about March 1, 2002, The Dong-a Daily News printed and published an article entitled "*I'll Serve As A 'Watchman' For The Korean Community*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT H**) in which Korean-American Mr. Suk-Jung Shin states that Plaintiff Moon Taik Lim promised work or return of Mr.

Shin's deposit if no employment is found for Mr. Shin. Mr. Shin accuses Mr. Lim of refusing to return the deposit.

Defendants' accusations constitute prima facia defamation per se on two separate counts as they charge Plaintiff with the <u>criminal offense of fraud or theft by deception</u> and conduct that is <u>incompatible with his business, trade, or office</u> by accusing Plaintiff of abusing his professional position and office as a recruiter for Jan-Pro Cleaning System.

Furthermore, Plaintiff's reputation in the community is damaged by Defendants' attacks on Plaintiff's morality and adherence to the tenets of Christianity. The Restatement of Torts (2nd) 559 defines a defamatory statement as one that "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." The Korean American community is made up of highly religious individuals who are repelled by those members of the community who seemingly violate the Christian canon. To be branded as one who intentionally does not follow the basic beliefs of this close community is to be ostracized.

As a result, Plaintiff, as a private individual, is entitled to presumed special and general damages as well as punitive damages. As a direct and proximate result of this defamation, Plaintiff has suffered injuries, including but not limited to, suffering, embarrassment, humiliation, aggravation, anxiety, loss of enjoyment of life and life's pleasures.

II.  **RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES**

Plaintiff expressly demanded retraction of these defamatory per se statements from each Defendant on March 1, 2002 (see letters attached herein as **EXHIBIT I**) and was refused by each Defendant. Such refusal constitutes a basis for punitive damages. Evidence of refusal to publish a retraction on demand, and of the injustice of the alleged libel, is sufficient to sustain the verdict for punitive damages. Clark v. North American Co., 203 PA 346, 53 A. 237 (1902)

Such conduct is extreme and outrageous and warrants imposition of punitive damages.

III. **RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants' conduct can clearly be characterized as "extreme and outrageous" as Defendants did not merely "publish an article". Defendants published and *re-published* unsubstantiated and defamatory material against the express written requests of Plaintiff to retract them. Each publication further damaged Plaintiff's reputation in the community. Because of the closeness and small size of the Korean-American community, Plaintiff's reputation may have been tainted irreparably.

Defendants were aware of this situation and proceeded forward anyway ignoring Plaintiff's pleas. Such conduct goes beyond the limits of decency in any community.

Furthermore, Defendants are mistaken with regard to the elements of this tort. No averment of physical injury is required in a claim for intentional infliction of emotional distress. Pennsylvania case law clearly bares out many instances where an individual may recover for purely emotional distress without a physical impact if the act satisfies the definition of

"outrageous". The "impact rule" is more an issue for a claim for *negligent* infliction of emotional distress.

IV.     **RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff claims recovery for negligent infliction of emotional distress merely as an alternative to intentional infliction of emotional distress. With regard to the content of the defamatory publications, Plaintiff avers that Defendants negligently failed to ascertain the veracity of the content and therefore Defendants are liable for negligent infliction of emotional distress.

V.     **CONCLUSION**

For the foregoing reasons, Defendants', The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch, Motion to Dismiss should be denied.

Respectfully Submitted,

_____
Glenn Randall, Esquire (ID No. 81675)
Randall & Homel, LLC
1511 Norristown Road
Ambler, PA 19002
(215) 591-9843

Attorneys for Plaintiff
Moon Taik Lim

Dated:_____

## **CERTIFICATE OF SERVICE**

I, GLENN RANDALL, ESQUIRE, certify that on the date set forth below a true and correct copy of the Plaintiff's Response to Defendants Motion to Dismiss. was sent by first-class mail, postage prepaid to the following individual:

>Michael D. Epstein, Esquire
>Beth A. Friel, Esquire
>Montgomery. McCracken, Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109

Dated:_____                    _____
                                     Glenn Randall, Esquire
                                     Attorney for Plaintiff
                                     Moon Taik Lim

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.