IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOON TAIK LIM<br><br>              Plaintiff,<br><br>v.<br><br>KOREAN ASSOCIATION OF<br>     SOUTHERN NEW JERSEY, et al.<br><br>             Defendants. | CIVIL ACTION<br><br>NO. 02-CV-4072 |

### REPLY BRIEF OF DEFENDANTS
### THE KOREAN CENTRAL DAILY THE JOONGANG USA
### NEW YORK AND THE KOREAN CENTRAL DAILY
### JOONGANG PHILADELPHIA BRANCH
### IN SUPPORT OF MOTION TO DISMISS COMPLAINT

In response to The Korean Central Daily Defendants' motion to dismiss, plaintiff Moon Taik Lim has now identified the articles that he claims support his defamation claim, including translations of the articles purportedly published by The Korean Central Daily Defendants. Assuming that plaintiff amends his Complaint to incorporate the articles, The Korean Central Daily Defendants acknowledge that they will be on notice of the defamation claim asserted against them and will be in a position to respond to the allegations.[1]

---

[1] "A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." *Hammond v. City of Philadelphia*, Civ. No. 00-5082, 2001 U.S. Dist. LEXIS 10182, at *8 (E.D. Pa. June 29, 2001) (citations omitted). Consequently, courts consistently have refused to consider new facts not alleged in a complaint when deciding whether a claim should be dismissed. *See, e.g., Gueson v. Feldman*, No. 00 CV 117, 2002 U.S. Dist. LEXIS 16265, at *15 (E.D. Pa. Aug. 22, 2002); *Hammond*, 2001 U.S. Dist. LEXIS 10182, at *8.

However, plaintiff's response does nothing to cure the fatal defects of his other purported claims. Regardless of whether plaintiff believes punitive damages are warranted here – which they are not – the case law is clear that punitive damages cannot be pled as a separate cause of action, and thus Court II must be dismissed.

With respect to Count III, plaintiff has not provided any case law to support his bald assertion that a physical injury is not required to establish a claim for intentional infliction of emotional distress, or to counter the cases cited in the Korean Central brief, which establish that an allegation of physical injury is indeed required. Because no physical harm is alleged here, Count III of plaintiff's Complaint fails as a matter of law. Plaintiff's claim for negligent infliction of emotional distress in Count IV must be dismissed for this same reason.

Accordingly, even if plaintiff amends his Complaint, only the defamation claim could survive, and the remaining three counts should be dismissed with prejudice.

### A.     Plaintiff's Punitive Damages Claim Cannot Be Pled as a Separate Count.

In his response to the motion to dismiss, plaintiff argues that he is entitled to punitive damages in this case, but he has failed to provide a single case to demonstrate he is entitled to a separate cause of action for punitive damages. In fact, no such case exists, as Pennsylvania case law unquestionably prohibits punitive damages from being pled as a separate count. *See e.g., Murray v. Gencorp, Inc.*, 979 F. Supp. 1045, 1050 (E.D. Pa. 1997); *Winterberg v. CAN Ins. Co.*, 868 F. Supp. 713, 725 n.20 (E.D. Pa. 1994); *Kirkbride v. Lisbon Contractors Inc.*, 555 A.2d 800, 802 (Pa. 1989); *Nix v. Temple Univ.*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991). Accordingly, this Court should dismiss Count II of the Complaint with prejudice.

**B.    Plaintiff's Intentional Infliction of Emotional Distress Claim Requires an Allegation of Physical Injury Under Pennsylvania Law.**

Again without any case law support, plaintiff asserts that he need not allege a physical injury to state a claim for intentional infliction of emotional distress. Plaintiff is simply wrong. The case law is clear that a physical injury is indeed an essential requirement to an intentional infliction claim under Pennsylvania law. *See Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987); *Fewell v. Besner*, 664 A.2d 577, 582 (Pa. Super. Ct. 1995); *Dixon v. Boscov's, Inc.*, Civ. No. 02-1222, 2002 U.S. Dist. LEXIS 13815, at *12 (E.D. Pa. July 17, 2002) (applying Pennsylvania law).

In *Fewell*, for instance, the plaintiff alleged an intentional infliction of emotional distress claim, asserting that she "suffered severe emotional distress" as a result of the defendants' conduct. 664 A.2d at 582. Because the plaintiff "allege[d] no physical harm, nor [did] she allege that [defendants'] actions were extreme and outrageous," the court held that she "failed to state a cause of action upon which relief could be granted for negligent infliction of emotional distress *or intentional infliction of emotional distress*." *Id.* (emphasis added.) In dismissing both the intentional and negligent infliction claims, the court emphasized that "[a] plaintiff must also show physical injury or harm in order to sustain a cause of action for intentional infliction of emotional distress." *Id.* (citing *Kazatsky*, 527 A.2d at 995).

Similarly, the plaintiff's complaint in *Dixon* "fail[ed] to allege any physical injury by plaintiff," and "[t]herefore, [the court] conclude[d] that plaintiff ha[d] failed to state a claim for intentional infliction of emotional distress." 2002 U.S. Dist. LEXIS 13815, at *12.

Thus, contrary to plaintiff's contention, Pennsylvania case law clearly provides that a physical injury is necessary to establish an intentional infliction of emotional distress claim.

Because no physical injury is (or can be) alleged here, and defendants' conduct was not extreme and outrageous as a matter of law,[2] Count III should be dismissed.

### C.  Plaintiff's Negligent Infliction of Emotional Distress Claim Requires an Allegation of Physical Injury.

As previously stated in the Korean Central brief, plaintiff's negligent infliction of emotional distress claim similarly fails because there is no allegation of a physical injury. *See Fewell v. Besner*, 664 A.2d 577, 582 (Pa. Super. Ct. 1995); *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 848 (3d Cir. 1995). Plaintiff half-heartedly acknowledges that a physical injury is indeed required for a negligent infliction of emotional distress claim (*see* Pl.'s Memo. of Law at 5-6), but still claims – yet again with no supporting authority – that he should be able to proceed with this claim as "an alternative" to his intentional infliction claim. Plaintiff's argument is unavailing and runs afoul of established law.

Because no physical injury is alleged, the Court should dismiss Count IV of plaintiff's Complaint with prejudice.

---

[2] As demonstrated in the Korean Central brief, plaintiff's claim of intentional infliction of emotional distress also fails because The Korean Central Daily Defendants' actions in reporting on a public controversy in the Korean community of Southern New Jersey were not "extreme and outrageous" as a matter of law. *See, e.g., Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1772-73 (Pa. Super. Ct. 1988) (finding that "the publication of a newspaper article which merely reports a shooting incident and possible motives thereof cannot support a cause of action for intentional infliction of emotional distress"). Plaintiff, in his response, failed to cite a single case that would suggest that the mere publication of newspaper articles could constitute "extreme and outrageous" conduct.

**CONCLUSION**

For the foregoing reasons, Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch respectfully request that this Court grant their Motion to Dismiss and dismiss the claims against them.

                                      Respectfully submitted,

                                      _____

                                      Michael D. Epstein (I.D. No. 62264)
                                      Beth A. Friel (I.D. No. 86548)
                                      Montgomery, McCracken, Walker & Rhoads, LLP
                                      123 South Broad Street
                                      Philadelphia, PA 19109
                                      215-772-1500

                                      Attorneys for Defendants
                                      The Korean Central Daily The Joongang
                                      USA New York and The Korean Central
                                      Daily Joongang Philadelphia Branch

Dated: December 6, 2002

## CERTIFICATE OF SERVICE

I, Michael D. Epstein, counsel for Defendants The Korean Daily Central The Joongang New York Branch and The Korean Daily Central Joongang Philadelphia Branch, in this action, hereby certify that I caused a copy of the Reply Brief of Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch In Support of Motion to Dismiss the Complaint to be served by first class U.S. mail, postage prepaid, upon the persons, at the addresses and on the date that appears below:

> Glenn Randall, Esquire
> Randall & Homel, LLC
> 1511 Norristown Road
> Ambler, PA  19002
>
> Attorney for Plaintiff
>
> and
>
> Dong-A Daily News
> The Korean Daily Tribune, Inc.
> 7300 Old York Road, Suite 213
> Elkins Park, PA  19027
>
> and
>
> KABC
> Korean American Broadcasting Co.
> 1925 W. Cheltenham Avenue
> Elkins Park, PA  19027

Date:  December 6, 2002                    _____
                                           Michael D. Epstein