**RANDALL & HOMEL, LLC**
By: Glenn Randall, Esquire
1511 Norristown Road
Ambler, PA 19002
(215) 591-9843                                                                        **Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                                        :
**MOON TAIK LIM**                                         :
**2408 Saxony Drive**                                     :
**Mount Laurel, NJ 08054**                           :
                                                                        :
              **Plaintiff,**              :
                                                                        :           **CIVIL ACTION**
                                                                        :
**v.**                                                                  :           **No.: 02-CV-4072**
                                                                        :
**KABC**                                                            :
**Korean American Broadcasting Co.**      :
**1925 W. Cheltenham Ave.**                   :
                                                                        :
**THE KOREAN CENTRAL DAILY**         :
**THE JOONGANG USA NEW YORK**    :
**43-27 36 St**                                                  :
**LIC, NY 11101**                                           :
                                                                        :
**THE KOREAN CENTRAL DAILY**         :
**JOONGANG PHILADELPHIA BRANCH** :
**1925 W. Cheltenham Ave.**                   :
**Elkins Park, PA 19027**                            :
                                                                        :
**DONG A DAILY NEWS**                         :
**The Korean Daily Tribune, Inc.**             :
**7300 Old York Road, Ste 213**              :
**Elkins Park, PA 19027**                            :
                                                                        :
              **Defendants**          :
_____

## AMENDED COMPLAINT

1.     This is an action for money and equitable damages to redress the injury caused to Plaintiff's reputation in the community as a result of Defendants' repeated defamatory statements made in the press and over radio airwaves in Pennsylvania and New Jersey.

## PARTIES

2.     Plaintiff, Moon Taik Lim, is a private adult individual currently residing at 2408 Saxony Drive, Mount Laurel, Burlington County, New Jersey.

3.     Defendant, Dong A Daily News, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 7300 Old York Road, Suite 213, Elkins Park.

4.     Defendant, KABC, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 1925 W. Cheltenham Avenue, Elkins Park, Montgomery County.

5.     Defendant, The Korean Central Daily, or The Joongang USA New York, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 43-27 36th St. Long Island County, New York.

6.     Defendant, The Korean Central Daily, or the Joongang USA Philadelphia Branch, upon information and belief, is a corporation conducting business in the state of Pennsylvania with a place of business located at 1925 W. Cheltenham Avenue, Elkins Park, Montgomery County.

7.     On several occasions, between January and April 2002, defendants made libelous and slanderous per se false statements of fact with regard to Plaintiff. Defendants published and re-published defamatory per se statements accusing Plaintiff, a Korean-American translator or

Agent, for Jan-Pro Corporation, of deceptive practices, conversion of investment deposits, fraud, and conspiracy to defraud with regard to cleaning service franchise contracts entered into by Korean-American nationals with Jan-Pro Corporation.

8. These defamatory per se accusations were negligently or intentionally and willfully published and distributed with actual malice and actual knowledge of their falsity or with reckless disregard of the truth to the general public by way of news media and radio broadcast.

## JURISDICTION

9. This claim arises under 42 Pa C.S.A. 8343. Jurisdiction is invoked under the provisions of 28 U.S.C. Sections 1331 and 1332. The pendent claims under Pennsylvania law are asserted pursuant to the Court's supplemental jurisdiction, 28 U.S.C. 1367(a).

## VENUE

10. This Honorable Court possesses venue pursuant to 28 U.S.C. 1391(a)(2).

## COUNT I
### Defamation
### Statutory Claim for Penalties Under Statute 42 Pa C.S.A. 8343

11. The allegations contained in paragraphs 1 through 19 above are incorporated by reference herein as if fully set forth below.

12. Between January and April 2002, Defendants negligently or intentionally with actual malice or in reckless disregard for the truth did publish and re-publish defamatory per se statements of fact with regard to Plaintiff in violation of 42 Pa C.S.A. 8343. As a result, Plaintiff

has suffered serious damage to his reputation as a reliable and professional business person in the community.

13. Defamation per se is comprised of four categories which impute to another person a (1) false statement imputing criminal behavior; (2) false allegation that the plaintiff has a loathsome disease; (3) false statement adversely reflecting on the plaintiff's fitness to conduct business; or (4) false allegation of serious sexual misconduct. Haltzman v. Brill, 29 Pa. D&C 4th 356 (1995).

14. Defendants' accusations constitute prima facia defamation per se on two separate counts as they charge Plaintiff with the criminal offense of fraud or theft by deception and conduct that is incompatible with his business, trade, or office by accusing Plaintiff of abusing his professional position and office as a recruiter with Jan-Pro Cleaning System.

15. On or about February 8, 2002, The Dong-a Daily News printed and published an article entitled "*Being Extreme of Cleaning Service Fraud*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT A**), impugning that a "Korean recruit agent and interpreter", referring to Plaintiff Moon Taik Lim, defrauded and betrayed an anonymous "Korean American" who "suffered a great loss of money" invested in a cleaning business at the persuasion of Mr. Lim.

16. On or about February 19, 2002, The Dong-a Daily News printed and published an article entitled "Take *Legal Action Against 'Cleaning Service Fraud'*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT B**), impugning both Jan-Pro Cleaning System and Plaintiff Moon Taik Lim of perpetrating "shameless fraud acts" against the Korean American community and specifically attacked Mr. Lim's morality and virtue as a Christian.

17. On or about February 21, 2002, The Joongang Ilbo printed and published an article entitled "*We Are the Victims of Cleaning Service Contract*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT C**), impugning that Plaintiff Moon Taik Lim "took advantage" of Korean American investors who were not fluent English speakers and "took their jobs away under pretense of 'poor at cleaning job' and even did not refund the deposit money" and persuading investors to sign contracts the content of which Lim is reported to have said is "not important".

18. On or about February 23, 2002, The Joongang IIbo printed and published an article entitled "*The Victims of Cleaning Service Filing a Lawsuit*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT D**), stating that the Korean American Association of Greater New Jersey was organizing in an effort to file a lawsuit for fraud against both Jan-Pro and Moon Taik Lim.

19. On or about February 23, 2002, The Dong-a Daily News printed and published an article entitled "*Taking Legal Action Against Each Other; The Korean Victims and Jan-Pro of 'Cleaning Service Fraud' Case*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT E**), impugning that Plaintiff Moon Taik Lim was involved in a discrimination scheme to intentionally and specifically defraud Korean Americans.

20. On or about February 23, 2002, The Joongang IIbo printed and published an article entitled "*Immorality of a Religious Person*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT F**), which attacked Plaintiff Moon Taik Lim's morality and virtue as a Christian by stating that "not everyone who goes to church loves other and sacrifices himself for others as Jesus did" referring to Mr. Lim.

21.    On or about February 27, 2002, The Dong-a Daily News printed and published an article entitled "*The Korean American Association of Greater New Jersey Requests 'Collective Action' Against 'Cleaning Service Fraud' To Block The Cleaning Service Company Trying To Contact Individually With The Victims*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT G**) which discussed attempts by "Korean victims" to negotiate settlements with Jan-Pro referring to the actions of Plaintiff.

22.    On or about March 1, 2002, The Dong-a Daily News printed and published an article entitled "*I'll Serve As A 'Watchman' For The Korean Community*" (see notarized copy of translation into English from Korean, attached herein as **EXHIBIT H**) in which Korean-American Mr. Suk-Jung Shin states that Plaintiff Moon Taik Lim promised work or return of Mr. Shin's deposit if no employment is found for Mr. Shin. Mr. Shin accuses Mr. Lim of refusing to return the deposit.

23.    Furthermore, Plaintiff's reputation in the community is damaged by Defendants' attacks on Plaintiff's morality and adherence to the tenets of Christianity. The Restatement of Torts (2nd) 559 defines a defamatory statement as one that "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." The Korean American community is made up of highly religious individuals who are repelled by those members of the community who seemingly violate the Christian canon.  To be branded as one who intentionally does not follow the basic beliefs of this close community is to be ostracized.

24.    Plaintiff, as a private individual, is entitled to presumed special and general damages as well as punitive damages. As a direct and proximate result of this defamation,

Plaintiff has suffered injuries, including but not limited to, suffering, embarrassment, humiliation, aggravation, anxiety, loss of enjoyment of life and life's pleasures.

25. Furthermore, Plaintiff expressly demanded retraction of these defamatory per se statements from each Defendant on March 1, 2002, and was refused by each Defendant. Such refusal constitutes a basis for punitive damages. (**Exhibit I**, see attached letter to each defendant with signed certified return receipts).

**WHEREFORE**, Plaintiff, Moon Taik Lim, demands judgment against the Defendants for compensatory and punitive damages together with interest, attorney's fees and costs of suit.

Date:_____                              _____
                                             Glenn Randall, Esquire
                                             Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, GLENN RANDALL, ESQUIRE, certify that on the date set forth below a true and correct copy of the Plaintiff's Amended Complaint was sent by first-class mail, postage prepaid to the following individual:

>Michael D. Epstein, Esquire
>Montgomery. McCracken, Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109

Dated:_____                    _____
                                     Glenn Randall, Esquire
                                     Attorney for Plaintiff
                                     Moon Taik Lim

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.