IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOON TAIK LIM            :
                         :
        Plaintiff,       :
                         :  CIVIL ACTION
   v.                    :
                         :  NO. 02-CV-4072
KOREAN ASSOCIATION OF    :
   SOUTHERN NEW JERSEY, et al.  :
                         :
        Defendants.      :

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
THE KOREAN CENTRAL DAILY THE JOONGANG USA NEW YORK AND
THE KOREAN CENTRAL DAILY JOONGANG PHILADELPHIA BRANCH**

Defendants The Korean Central Daily The Joongang USA New York and The Korean Central Daily Joongang Philadelphia Branch (referred to as "The Korean Central Daily Defendants") hereby respond to plaintiff's Complaint, denying each and every allegation except as expressly admitted herein.

1.  It is admitted that plaintiff is seeking the relief stated. It is denied that he is entitled to it.

2.  After reasonable investigation, The Korean Central Daily Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and they therefore are denied.

3-4.  The allegations in paragraphs 3-4 are directed to parties other than The Korean Central Daily Defendants, and therefore no response is required. To the extent that a response is required, The Korean Central Daily Defendants deny the allegations in paragraphs 3-4.

5-6.  Admitted.

7-8. The allegations in paragraphs 7-8 constitute legal conclusions to which no response is required. To the extent paragraphs 7-8 are deemed to contain any factual averments, they are denied.

## JURISDICTION

9. It is admitted that plaintiff purports to invoke the jurisdiction of this Court on the grounds stated.

## VENUE

10. It is admitted that plaintiff seeks venue of this Court under 28 U.S.C. § 1391(a)(2).

## COUNT I
### Defamation

11. The Korean Central Daily Defendants incorporate their responses to paragraphs 1-10 as if set forth fully herein.

12-14. The allegations in paragraphs 12-14 constitute legal conclusions to which no response is required. To the extent paragraphs 12-14 are deemed to contain any factual averments, they are denied.

15-16. The allegations in paragraphs 15-16 are directed to parties other than The Korean Central Daily Defendants, and therefore no response is required. To the extent that a response is required, The Korean Central Daily Defendants deny the allegations in paragraphs 15-16.

17. It is admitted only that on or about February 21, 2002, The Korean Central Daily Defendants published an article in which they fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit C to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Central Daily Defendants deny that Exhibit C is

an accurate translation of the article, and further deny plaintiff's characterization of the article, which is a writing that speaks for itself.

19. 18.   It is admitted only that on or about February 23, 2002, The Korean Central Daily Defendants published an article in which they fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit D to plaintiff's Complaint purports to be a copy of the article, published in the Korean language, and a translation of the article from Korean into English. The Korean Central Daily Defendants deny that Exhibit D is an accurate translation of the article, and further deny plaintiff's characterization of the article, which is a writing that speaks for itself.

19.   The allegations in paragraph 19 are directed to parties other than The Korean Central Daily Defendants, and therefore no response is required. To the extent that a response is required, The Korean Central Daily Defendants deny the allegations in paragraph 19.

20.   It is admitted only that on or about February 23, 2002, The Korean Central Daily Defendants published an article in which they fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit F to plaintiff's Complaint purports to be a copy of the article, published in the Korean language, and a translation of the article from Korean into English. The Korean Central Daily Defendants deny that Exhibit F is an accurate translation of the article, and further deny plaintiff's characterization of the article, which is a writing that speaks for itself.

21-22.   The allegations in paragraphs 21-22 are directed to parties other than The Korean Central Daily Defendants, and therefore no response is required. To the extent that a response is required, The Korean Central Daily Defendants deny the allegations in paragraphs 21-22.

23-24. The allegations in paragraphs 23-24 constitute legal conclusions to which no response is required. To the extent paragraphs 23-24 are deemed to contain any factual averments, they are denied.

25. It is admitted only that plaintiff's counsel sent the letter attached as Exhibit I to a number of entities and individuals, including The Korean Central Daily Defendants. The Korean Central Daily Defendants deny plaintiff's characterization of the letter, which is a writing that speaks for itself.

## FIRST AFFIRMATIVE DEFENSE

The statements at issue are protected speech under the First Amendment of the United States Constitution and Article 1 §7 of the Constitution of the Commonwealth of Pennsylvania and cannot lawfully subject The Korean Central Daily Defendants to liability.

## SECOND AFFIRMATIVE DEFENSE

The statements at issue are not defamatory as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

The articles at issue are protected from liability under the fair report privilege, as set forth in Section 610 of the Restatement (Second) of Torts and adopted in Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

The articles at issue are constitutionally privileged because the subject matter of the articles is a matter of serious public concern.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is a public figure and cannot recover for alleged defamation because he cannot prove by clear and convincing evidence that the statements were false or were made with actual malice, *i.e.*, with knowledge of falsity or reckless disregard for the truth.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for alleged defamation because he is a public figure and cannot prove by clear and convincing evidence that the statements at issue were made with a high degree of awareness of probable falsity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily thrust himself into a public controversy and is therefore, at least, a limited purpose public figure, who cannot recover for alleged defamation because he cannot prove by clear and convincing evidence that the allegedly defamatory statements were false or were made with actual malice.

## EIGHTH AFFIRMATIVE DEFENSE

The articles published by The Korean Central Daily Defendants at issue are not actionable because they are true or substantially true.

## NINTH AFFIRMATIVE DEFENSE

Liability cannot be imposed on The Korean Central Daily Defendants for alleged implications or inferences that they did not intend and of which they were not aware at the time of publication.

## TENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed for alleged implications or inferences that cannot be proved false by objective evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

The Korean Central Daily Defendants neither knew nor should have known that the statements at issue could be interpreted to convey the meanings plaintiff attributes to them and did not intend such meanings.

## TWELFTH AFFIRMATIVE DEFENSE

The Korean Central Daily Defendants did not publish the articles at issue with knowledge of falsity or reckless disregard for the truth.

## THIRTEENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed, under federal and Pennsylvania law, for statements in the articles that constitute opinions and are based upon disclosed facts.

## FOURTEENTH AFFIRMATIVE DEFENSE

The articles at issue did not cause damage to plaintiff's reputation.

## FIFTEENTH AFFIRMATIVE DEFENSE

The articles at issue did not cause any pecuniary loss to plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state and cannot maintain a claim for punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, The Korean Central Daily Defendants request that judgment be entered in their favor, that they be awarded their costs and reasonable attorney fees, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

Date: January 13, 2003

_____
Michael D. Epstein (No. 62264)
Beth A. Friel (No. 86548)
Montgomery, McCracken, Walker &
   Rhoads, LLP
Avenue of the Arts
123 South Broad Street
Philadelphia, PA 19109

Attorneys for Defendants
The Korean Central Daily The Joongang
USA New York and The Korean Central
Daily Joongang Philadelphia Branch

## CERTIFICATE OF SERVICE

I, Michael D. Epstein, hereby certify that I caused a copy of the forgoing Answer and Affirmative Defenses of Defendants The Korean Daily Central The Joongang New York Branch and The Korean Daily Central Joongang Philadelphia Branch, to be served by first class U.S. mail, postage prepaid, upon the persons, at the addresses and on the date that appears below:

>Glenn Randall, Esquire
>Randall & Homel, LLC
>1511 Norristown Road
>Ambler, PA  19002
>
>Attorney for Plaintiff
>
>and
>
>Dong-A Daily News
>The Korean Daily Tribune, Inc.
>7300 Old York Road, Suite 213
>Elkins Park, PA  19027
>
>and
>
>KABC
>Korean American Broadcasting Co.
>1925 W. Cheltenham Avenue
>Elkins Park, PA  19027

Date:   January 13, 2003

_____
Michael D. Epstein