IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED JAN 3 1 2003

| | |
|---|---|
| MOON TAIK LIM : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-CV-4072 |
| KOREAN ASSOCIATION OF : | |
| SOUTHERN NEW JERSEY, *et al.* : | |
| : | |
| Defendants. : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### THE KOREAN DAILY TRIBUNE

The Korean Daily Tribune d/b/a Dong A Daily News hereby responds to plaintiff's Amended Complaint, denying each and every allegation except as expressly admitted herein.

1. It is admitted that plaintiff is seeking the relief stated. It is denied that he is entitled to it.

2. After reasonable investigation, The Korean Daily Tribune is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and they therefore are denied.

3. It is admitted only that The Korean Daily Tribune is a corporation, and that The Korean Daily Tribune conducts business at 7300 Old York Road, #213, Elkins Park, Pennsylvania.

4-6. The allegations in paragraphs 4-6 are directed to parties other than The Korean Daily Tribune, and therefore no response is required. To the extent that a response is required, The Korean Daily Tribune denies the allegations in paragraphs 4-6.

882917v1

7-8.    The allegations in paragraphs 7-8 constitute legal conclusions to which no response is required. To the extent paragraphs 7-8 are deemed to contain any factual averments, they are denied.

## JURISDICTION

9.    It is admitted that plaintiff purports to invoke the jurisdiction of this Court on the grounds stated.

## VENUE

10.    It is admitted that plaintiff seeks venue of this Court under 28 U.S.C. § 1391(a)(2).

## COUNT I
### Defamation

11.    The Korean Daily Tribune incorporates its responses to paragraphs 1-10 as if set forth fully herein.

12-14.    The allegations in paragraphs 12-14 constitute legal conclusions to which no response is required. To the extent paragraphs 12-14 are deemed to contain any factual averments, they are denied.

15.    It is admitted only that on or about February 8, 2002, The Korean Daily Tribune published an article in which it fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit A to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Daily Tribune denies that Exhibit A is an accurate translation of the article, and further denies plaintiff's characterization of the article, which is a writing that speaks for itself.

882917v1

16.  It is admitted only that on or about February 19, 2002, The Korean Daily Tribune published an article in which it fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit B to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Daily Tribune denies that Exhibit B is an accurate translation of the article, and further denies plaintiff's characterization of the article, which is a writing that speaks for itself.

17-18.  The allegations in paragraphs 17-18 are directed to parties other than The Korean Daily Tribune, and therefore no response is required. To the extent that a response is required, The Korean Daily Tribune denies the allegations in paragraphs 17-18.

19.  It is admitted only that on or about February 23, 2002, The Korean Daily Tribune published an article in which it fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit E to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Daily Tribune denies that Exhibit E is an accurate translation of the article, and further denies plaintiff's characterization of the article, which is a writing that speaks for itself.

20.  The allegations in paragraph 20 are directed to parties other than The Korean Daily Tribune, and therefore no response is required. To the extent that a response is required, The Korean Daily Tribune denies the allegations in paragraph 20.

21.  It is admitted only that on or about February 27, 2002, The Korean Daily Tribune published an article in which it fairly and accurately reported on an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company,

882917v1

and that Exhibit G to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Daily Tribune denies that Exhibit G is an accurate translation of the article, and further denies plaintiff's characterization of the article, which is a writing that speaks for itself.

22. It is admitted only that on or about March 1, 2002, The Korean Daily Tribune published an article in which it fairly and accurately reported on, among other things, an issue of public concern in the Korean-American community of New Jersey concerning the Jan-Pro Cleaning Service Company, and that Exhibit H to plaintiff's Complaint purports to be a translation of the article from Korean into English. The Korean Daily Tribune denies that Exhibit H is an accurate translation of the article, and further denies plaintiff's characterization of the article, which is a writing that speaks for itself.

23-24. The allegations in paragraphs 23-24 constitute legal conclusions to which no response is required. To the extent paragraphs 23-24 are deemed to contain any factual averments, they are denied.

25. It is admitted only that plaintiff's counsel sent the letter attached as Exhibit I to a number of entities and individuals, including The Korean Daily Tribune. The Korean Daily Tribune denies plaintiff's characterization of the letter, which is a writing that speaks for itself.

### FIRST AFFIRMATIVE DEFENSE

FILED JAN 3 1 2003

The statements at issue are protected speech under the First Amendment of the United States Constitution and Article 1 §7 of the Constitution of the Commonwealth of Pennsylvania and cannot lawfully subject The Korean Daily Tribune to liability.

### SECOND AFFIRMATIVE DEFENSE

The statements at issue are not defamatory as a matter of law.

882917v1

### THIRD AFFIRMATIVE DEFENSE

The articles at issue are protected from liability under the fair report privilege, as set forth in Section 610 of the Restatement (Second) of Torts and adopted in Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

The articles at issue are constitutionally privileged because the subject matter of the articles is a matter of serious public concern.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is a public figure and cannot recover for alleged defamation because he cannot prove by clear and convincing evidence that the statements were false or were made with actual malice, *i.e.*, with knowledge of falsity or reckless disregard for the truth.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for alleged defamation because he is a public figure and cannot prove by clear and convincing evidence that the statements at issue were made with a high degree of awareness of probable falsity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily thrust himself into a public controversy and is therefore, at least, a limited purpose public figure, who cannot recover for alleged defamation because he cannot prove by clear and convincing evidence that the allegedly defamatory statements were false or were made with actual malice.

### EIGHTH AFFIRMATIVE DEFENSE

The articles published by The Korean Daily Tribune at issue are not actionable because they are true or substantially true.

## NINTH AFFIRMATIVE DEFENSE

Liability cannot be imposed on The Korean Daily Tribune for alleged implications or inferences that it did not intend and of which it was not aware at the time of publication.

## TENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed for alleged implications or inferences that cannot be proved false by objective evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

The Korean Daily Tribune neither knew nor should have known that the statements at issue could be interpreted to convey the meanings plaintiff attributes to them and did not intend such meanings.

## TWELFTH AFFIRMATIVE DEFENSE

The Korean Daily Tribune did not publish the articles at issue with knowledge of falsity or reckless disregard for the truth.

## THIRTEENTH AFFIRMATIVE DEFENSE

Liability cannot be imposed, under federal and Pennsylvania law, for statements in the articles that constitute opinions and are based upon disclosed facts.

## FOURTEENTH AFFIRMATIVE DEFENSE

The articles at issue did not cause damage to plaintiff's reputation.

## FIFTEENTH AFFIRMATIVE DEFENSE

The articles at issue did not cause any pecuniary loss to plaintiff.

882917v1

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state and cannot maintain a claim for punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, The Korean Daily Tribune requests that judgment be entered in its favor, that it be awarded its costs and reasonable attorney fees, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

Date:   January 31, 2003

Michael D. Epstein (No. 62264)
Beth A. Friel (No. 86548)
Montgomery, McCracken, Walker &
   Rhoads, LLP
Avenue of the Arts
123 South Broad Street
Philadelphia, PA  19109

Attorneys for The Korean Daily Tribune

882917v1

FILED JAN 3 1 2003

## CERTIFICATE OF SERVICE

I, Beth A. Friel, Esquire, hereby certify that I caused a copy of the forgoing Answer and Affirmative Defenses of The Korean Daily Tribune to be served by first class U.S. mail, postage prepaid, upon the persons, at the addresses and on the date that appears below:

Glenn Randall, Esquire
Randall & Homel, LLC
1511 Norristown Road
Ambler, PA  19002

Attorney for Plaintiff

and

Young K. Park, Esquire
Law Offices of Young K. Park
1700 Market Street
Suite 2631
Philadelphia, PA  19103

Attorney for Defendant, KABC

Date:   January 31, 2003

Beth A. Friel

882917v1